UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PIM SHIH,<br><br>                    Plaintiff,<br><br>          -against-<br><br>GREATER NEWARK ECONOMIC CORP.,<br><br>                    Defendant. | 1:23-CV-8220 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Pim Shih, of West New York, New Jersey, filed this *pro se* action, seeking

damages, injunctive relief, legal fees, and a public apology. Plaintiff asserts claims of

"discrimination," intentional infliction of emotional distress, negligence, tortious interference

with business relations, and "retaliation"; claims under the Equal Credit Opportunity Act; claims

of violations of First Amendment rights; claims of "violation of fair lending laws"; claims of

violations of Title VI of the Civil Rights Act of 1964; claims of "violation of state fair lending

laws"; and claims of "violation of consumer protection laws."(ECF 1, 4-27.) Plaintiff sues the

Greater Newark Economic Corporation ("GNEC"), of Newark, New Jersey. For the following

reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District

Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action like Plaintiff's may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] § 1391(c)(1), (2).

Plaintiff seems to allege that GNEC resides in Newark, New Jersey. (ECF 1, at 2.) Because the State of New Jersey constitutes one federal judicial district, *see* 28 U.S.C. § 110, and because GNEC appears to reside there, under Section 1391(b)(1), the United States District Court for the District of New Jersey is a proper venue for this action.

Plaintiff also alleges that "venue is proper in this district as the Plaintiff and the Defendant are within its boundaries." (ECF 1, at 2.) While Plaintiff and Defendant both seem to reside in New Jersey, to the extent that Plaintiff alleges that GNEC, as a corporation, is subject to the personal jurisdiction of this court's judicial district,[2] and therefore also resides within this court's judicial district, *see* § 1391(c)(2), this court could also be a proper venue for this action under Section 1391(b)(1).

---

[1] With respect to the residency of a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[2] This court's judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

Plaintiff further alleges that "[t]he events giving rise to this complaint occurred within the jurisdiction of this [c]ourt." (ECF 1, at 2.) Thus, alternatively, this court could be a proper venue for this action under Section 1391(b)(2).

While it is possible, as discussed above, that this court could be a proper venue for this action under Section 1391(b)(1) or (2), Plaintiff's allegations as to why this court is a proper venue are conclusory and lack factual detail; Plaintiff's complaint is simply not clear as to why this court is a proper venue, under either of those statutory provisions. Even if the Court were to assume that this court is a proper venue for this action, it remains clear that the District of New Jersey is a proper venue for this action under Section 1391(b)(1).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. New York City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the District of New Jersey is appropriate for this action. Both Plaintiff and GNEC are located within that judicial district. It is also reasonable to

expect that relevant documents and witnesses would be located there. Thus, the District of New

Jersey appears to be a more convenient forum for this action. Accordingly, this Court transfers

this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir.

2006) ("District courts have broad discretion in making determinations of convenience under

Section 1404(a) and notions of convenience and fairness are considered on a case-by-case

basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District

Court for the District of New Jersey. 28 U.S.C. § 1404(a). The Court defers to the transferee

court as to whether to grant Plaintiff *in forma pauperis* status. This order closes this action in this

court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge